Filed 4/14/23  Marriage of Dumov CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of ANATOLY and DARYA DUMOV. | H050180 (Santa Clara County Super. Ct. No. 2011-6-FL-006171) |
| ANATOLY DUMOV, Respondent, v. DARYA KHANKIN, Appellant. | |

Appellant Darya Khankin appeals from the trial court's order denying her motion to set aside the judgment in the dissolution of her marriage to respondent Anatoly Dumov.[1]  Khankin argues that the trial court abused its discretion by denying her motion because Dumov failed to disclose all his assets at the time the parties entered into their marital settlement agreement (MSA).  Because the record is insufficient to meet Khankin's burden of affirmatively establishing error, we reject her claims and affirm the trial court's order.

---

[1] In the proceedings below, Khankin was referred to by her married name, Darya Dumov.

# I. BACKGROUND

### A. *The Judgment of Dissolution and the MSA*

Khankin and Dumov married in 1997, separated in 2010, and ended their marriage by an uncontested judgment of dissolution entered June 7, 2012. The judgment incorporated a written MSA that divided the parties' assets, including several bank accounts—two Chase checking accounts, a Chase savings account, a Wells Fargo checking account, and a Wells Fargo savings account. The MSA further divided several stocks and mutual fund accounts, awarding Dumov the "Vanguard Mutual Funds" account. Both parties certified that they had made a full and complete disclosure of their assets.

### B. *The Motion to Set Aside the Judgment*

On December 29, 2021, Khankin filed a motion to set aside the judgment of dissolution. In her declaration accompanying her memorandum of points and authorities, Khankin alleged that while looking through boxes at the former family residence, she had discovered bank statements that showed that Dumov had hidden community assets of over a million dollars in a previously undisclosed Washington Mutual account titled in the name of Khankin's mother. According to Khankin, her mother had resided in Russia while she was alive and had only visited the parties in the United States on three occasions. Khankin claimed that she never accompanied her mother to a bank and that her mother had never expressed an interest in opening a bank account. Khankin believed that in 2008, a significant amount of funds were transferred from the Washington Mutual account to Dumov's Vanguard account.

In a responsive declaration opposing Khankin's motion, Dumov averred that Khankin's mother visited the parties in 1998, when a friend of Dumov's who lived in Russia wanted to invest money in the United States. Dumov's friend offered to pay Khankin and Dumov a 2 percent rate of return in exchange for facilitating his investments. To enable the friend to transfer funds from Russia to the United States,

2

Dumov asked Khankin's mother if she would open an investment account in her name, and she agreed. Thereafter, both Khankin and Dumov assisted Khankin's mother in opening two bank accounts, one at Washington Mutual and another at American Century Investments, both funded with Dumov's money. Khankin's mother "signed a Certificate of Foreign Status for the IRS, identifying herself as a resident of Moscow Russia but listing [the parties' address] as her mailing address."

According to Dumov, Patriot Act restrictions on foreign fund transfers enacted in the aftermath of September 11, 2001, made it difficult to maintain the account at American Century Investments. In 2008, the parties transferred the bulk of those funds to Washington Mutual and thereafter to the Vanguard account. And in 2010, Khankin herself wrote to American Century Investments, after she forged her mother's signature, and requested that the residue of that account be sent by check to the house she shared with Dumov. In 2011, while the parties were separating, Dumov disclosed the Vanguard account on his schedule of assets. Thus, Dumov asserted that the motion to set aside should be denied as the funds were disclosed and divided by the MSA.

Attached to Dumov's declaration was an application form with American Century Investments that had a notarized signature from Khankin's mother, as well as signatures from both Dumov and "Dasha Dumov," whom Dumov identified as Khankin. Also attached were copies of correspondence from American Century Investments that were addressed to Khankin's mother, "c/o Dasha Dumov," as well as Washington Mutual statements that were addressed to Khankin's mother "ITF Anatoly Dumov Dasha Dumov."

C.    *The Hearing and Order*

On April 19, 2022, the trial court heard the motion to set aside the judgment. It is not apparent whether the hearing was reported: Khankin has proceeded by appendix rather than clerk's transcript, has included no minute order from the hearing, and has supplied no record of the oral proceedings. (See Cal. Rules of Court, rule 8.120(b).)

3

Subsequently, on June 8, 2022, the trial court issued its written findings and order denying the motion. The trial court determined, after hearing testimony and reviewing the submitted evidence, that "[b]oth parties appeared to be honest" and that "[t]here were differences in recollection which can be explained by the frailty of human memory and the passage of time since the various bank accounts were opened." The trial court further found that "[t]he most compelling evidence were the notarized documents showing that Petitioner and Respondent were both present when the American Century account was opened." Therefore, based on the "totality of the evidence," the trial court denied Khankin's motion. Khankin timely appealed.

## II.    DISCUSSION

Khankin argues that the trial court abused its discretion in denying her motion to set aside the judgment by crediting Dumov's testimony at the hearing despite Dumov's "diminished memory" and inability to supply "[a] written contract" with the friend or "written acknowledgment that [Khankin] was aware of what [Dumov] was doing." The record Khankin has supplied does not, however, satisfy her obligation to affirmatively demonstrate that the trial court abused its discretion.

In order to provide full and accurate disclosure of all assets and liabilities, each party to a dissolution proceeding must serve declarations of disclosure on the other party. (Fam. Code, § 2103.)[2] Under section 2107, subdivision (d), "if a court enters a judgment when the parties have failed to comply with all disclosure requirements of this chapter, the court shall set aside the judgment." And under section 2122, there are six grounds to set aside a judgment: actual fraud, perjury, duress, mental incapacity, mistake, or failure to comply with the disclosure requirements. (§ 2122, subds. (a)-(f); *In re Marriage of Binette* (2018) 24 Cal.App.5th 1119, 1125 (*Binette*).) The moving party bears the burden

_____

[2] Unspecified statutory references are to the Family Code.

4

of proving entitlement to relief under section 2122. (*In re Marriage of Kieturakis* (2006) 138 Cal.App.4th 56, 88-89.)

We review an order granting or denying a motion to set aside a judgment under section 2122 for abuse of discretion. (*Binette*, *supra*, 24 Cal.App.5th at p. 1125.) Where the trial court's exercise of discretion turns on its resolution of disputed facts, we review the factual findings for substantial evidence. (*In re Marriage of Walker* (2012) 203 Cal.App.4th 137, 146.) Under this deferential standard, we examine the evidence in the light most favorable to the prevailing party and do not reweigh the evidence or reconsider credibility determinations. (*In re Marriage of Calcaterra & Badaksh* (2005) 132 Cal.App.4th 28, 34.) And "where the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.' [Citation.]" (*In re. I.W.* (2009) 180 Cal.App.4th 1517, 1528 (*I.W.*), disapproved on another ground in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7.)

Because Khankin as the moving party under section 2122 bore the burden of proving her entitlement to relief, her challenge to what she characterizes as the trial court's "absurd ruling" requires that she demonstrate not merely that Dumov's evidence could be disbelieved but that her own evidence was " 'of such character and weight' " that she was entitled to relief as a matter of law. (See *I.W.*, *supra*, 180 Cal.App.4th at p. 1528.) The record does not allow us to conclude that she met this high burden. As indicated in the court's findings and orders, both sides testified during the contested hearing and submitted evidence. To prevail on appeal, Khankin would have to establish that no reasonable trier of fact could have failed to credit her evidence over Dumov's, which included Dumov's testimony and the documentary evidence that Khankin was

present when her mother opened the American Century account. To carry this heavy burden, Khankin at minimum was obligated to provide the entire evidentiary record on which the trial court based its ruling—if the parties did not retain a court reporter or a transcript was otherwise unavailable, it was incumbent upon her to obtain a settled statement. (See *Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 931, 933-934 [alternative to a reporter's transcript is a settled statement]; Cal. Rules of Court, rules 8.120(b) [appellant raising an issue that "requires consideration of the oral proceedings . . . must include a record of these oral proceedings"], 8.137 [parties may use a settled statement as the record of oral proceedings]; see also *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 [appellant bears burden to provide adequate appellate review of claims].)[3]

Although Khankin is correct that a reporter's transcript is not required, "[w]here no [record of the oral proceedings] has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

To the extent Khankin argues that both the Washington Mutual and American Century Investment accounts do not reflect her legal name and are signed under the name

---

[3] Khankin also argues that she and Dumov were both unaware that the hearing on the motion to set aside the judgment proceeded without a court reporter, as the parties appeared by video and were unable to discern the absence of a court reporter. We note that both parties were represented by counsel in the trial court, and nothing in the record supports an inference that the superior court was required to provide an official court reporter not privately retained by the parties. (See, e.g., Code of Civ. Proc., § 269; Cal. Rules of Court, rule 2.956; Super. Ct., Santa Clara County Gen. Court & Admin. Rules, rule 7.)

"Dasha," we must presume—absent a record of the oral proceedings—that the evidence adduced at the hearing explained the inconsistency between Khankin's legal name and the name used on the accounts, thereby supporting the trial court's finding that Dumov and Khankin were both present when the accounts were opened.

Finally, Khankin argues that the trial court exhibited a lack of fairness and bias against her by excluding her witnesses and written evidence and by threatening to sanction her for exercising her rights. None of these contentions are supported by the limited appellate record she has supplied, and we must therefore disregard them. (See *Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 29 [appellant must confine statements " 'to matters in the record on appeal' "].)[4]

## III.    DISPOSITION

The order denying Khankin's motion to set aside the judgment of dissolution is affirmed. Dumov shall recover his costs on appeal.

---

[4] We also note that in her reply brief, Khankin refers to a deposition where Dumov "essentially admitted . . . the non-disclosure" of certain assets. As this deposition is not a part of the record on appeal, we do not consider it.

_____

LIE, J.

WE CONCUR:

_____

GREENWOOD, P.J.

_____

GROVER, J.

*Dumov v. Khankin*
H050180